IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 1:14-CV-24517-KMM

EDGE SYSTEMS LLC,
a California limited liability company,
and AXIA MEDSCIENCES, LLC,
a Delaware limited liability company

      Plaintiffs,

vs.

RAFAEL NEWTON AGUILA, a/k/a Ralph
Aguila, an individual, d/b/a/
Hydradermabrasion Systems,

      Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**EX PARTE TEMPORARY RESTRAINING ORDER AND**
**ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction (ECF No. 13). UPON CONSIDERATION of the Motion, the pertinent portions of the Record, being otherwise fully advised in the premises, and pursuant to 15 U.S.C. § 1116(a) and Fed. R. Civ. P. 65, the Court enters the following Order.

<u>Legal Standard</u>

In order to prevail on a motion for an ex parte temporary restraining order, Plaintiff must show that

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

1

Fed. R. Civ. P. 65(b). "An ex parte restraining order is an extreme remedy only to be used with the utmost caution." Levine v. Comcoa, Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995).

Once the moving party meets the threshold requirements of Rule 65(b) to secure an ex parte temporary restraining order, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest in order to obtain injunctive relief. Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Findings of Fact and Conclusions of Law

1. This Court has jurisdiction over the subject of this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. This Court has personal jurisdiction over Defendant Rafael Newton Aguila, a/k/a Ralph Aguila, an individual, d/b/a Hydradermabrasion Systems ("Defendant") because Defendant has a continuous, systematic, and substantial presence within this Judicial District by selling and offering for sale infringing products in this Judicial District and selling into the stream of commerce knowing that such products would be sold in this state and Judicial District, and those acts form a substantial part of the events or omissions giving rise to Edge's claims.

3. Edge was founded in 1997 and manufactures and sells systems and products for microdermabrasion and hydradermabrasion systems under the trademark EDGE SYSTEMS.

4. Since 1997, Edge has continuously used the trademark EDGE SYSTEMS in connection with the sale, offering for sale, distribution, advertising, and/or promotion of its

microdermabrasion and hydradermabrasion systems.

5. Edge is the owner of U.S. Trademark Registration No. 2,992,734 for the mark THE EDGE SYSTEM, which was registered with the United States Patent and Trademark Office on September 6, 2005, on the Principal Register. Trademark Registration No. 2,992,734 is for use of the mark THE EDGE SYSTEM in connection with the following goods: Medical apparatus, namely, systems comprised primarily of a vacuum source and hand piece used for medical body care treatments, microdermabrasion, and massage therapy.

6. Edge is the owner of U.S. Trademark Registration No. 3,500,086 for the mark HYDROPEEL, which was registered with the United States Patent and Trademark Office on September 9, 2008, on the Principal Register. Trademark Registration No. 3,500,086 is for use of the mark HYDROPEEL in connection with the following goods: Medical apparatus and instruments for resurfacing and nourishing tissue.

7. Edge is the owner of U.S. Trademark Registration No. 4,114,466 for the mark VORTEX-FUSION, which was registered with the United States Patent and Trademark Office on March 20, 2012, on the Principal Register. Trademark Registration No. 4,114,466 is for use of the mark VORTEX-FUSION in connection with the following goods: Microdermabrasion apparatus.

8. Since at least as early as 1999, Edge has continuously used Edge's chevron "E" logo trademark in connection with its microdermabrasion and hydradermabrasion systems.

9. Since at least as early as 2006, Edge has used the marked ACTIV-5, ANTIOX-6, and BETA-HD in connection with the sale, offering for sale, distribution, advertising, and/or promotion of serums and solutions for its microdermabrasion and hydradermabrasion systems.

10. Since at least as early as 2010, Edge has continuously used the marks

DERMABUILDER and GLYSAL in connection with the sale, offering for sale, distribution, advertising, and/or promotion of serums and solutions for its microdermabrasion and hydradermabrasion systems.

11.  Since at least as early as 2013, Edge has continuously used the mark ANTIOX+ in connection with the sale, offering for sale, distribution, advertising, and/or promotion of serums and solutions for its microdermabrasion and hydradermabrasion systems.

12.  Since at least as early as 2010, Edge has been selling its HydraFacial MD® hydradermabrasion system bearing trade dress consisting of the overall design and configuration of the product featuring a light grey body with a translucent blue cover over the serum bottles, a darker-grey base, a monitor positioned on top of the tower, and four wheels at the corners of the base (the "Edge Trade Dress").

13.  The "Registered Marks" shall refer to THE EDGE SYSTEM, HYDROPEEL, and VORTEX-FUSION.  The "Common Law Marks" shall refer to ACTIV-4, ANTIOX-6, BETA-HD, DERMABUILDER, GLYSAL, and ANTIOX+.  The "Edge Marks" shall refer to the Registered Marks and Common Law Marks, collectively.

14.  Edge has developed and cultivated substantial brand recognition in the Edge Marks and Edge Trade Dress.  Edge has spent over $4 million dollars promoting its microdermabrasion and hydradermabrasion systems using the Edge Marks and Edge Trade Dress.  Numerous magazines and newspapers have published articles describing the success and popularity of Edge's microdermabrasion and hydradermabrasion sold under the Edge Marks and Edge Trade Dress.

15.  Without the consent or authority of Edge, Defendant has been using the Edge Marks and Edge Trade Dress in connection with the sale, offering for sale, distribution, advertising,

4

and/or promotion of microdermabrasion and hydradermabrasion systems and serums and solutions for microdermabrasion and hydradermabrasion systems.

16. Defendant's continued unauthorized use of the Edge Marks and Edge Trade Dress will cause immediate and irreparable harm to Edge.  Edge has no control over the quality or type of goods sold by the Defendant.  Defendant sells inferior products that are not registered with the Food and Drug Administration and could be harmful to the consumer.  Thus, Edge's goodwill and reputation associated with the Edge Marks and Edge Trade Dress will be irreparably injured if Defendant is not enjoined from its unauthorized use.  Because there is no adequate remedy at law for the injury caused by Defendant's continuing infringement, injunctive relief is the appropriate remedy.

17. Weighing the Parties' relative hardship in this case further supports the grant of a temporary restraining order, as Defendant cannot claim that it would suffer cognizable harm by being required to stop infringing the Edge Marks and Edge Trade Dress.

18. Axis is the owner of U.S. Patent No. 6,299,620 ("the '620 patent"), which is licensed exclusively by Edge.

19. Claim 1 of the '620 patent is likely not invalid.

20. Claim 1 of the '620 patent is likely infringed by virtue of Defendant's sale and offers for sale of the "HydraDermMD" or "Hydradermabrasion MD" product in the United States. The infringing features drive demand for the product.

21. Defendant's continued infringement of the '620 patent will cause immediate and irreparable harm to Edge by preventing Edge from exercising market exclusivity, damaging Edge's reputation as an innovator, tarnishing the market for the patented inventions, and eroding the price the market will bear for Edge's microdermabrasion systems.

22. Weighing the Parties' relative hardship in this case further supports the grant of a temporary restraining order, as Defendant cannot claim that it would suffer cognizable harm by being required to stop infringing the '620 patent.

Conclusion

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiff's Ex Parte Application is GRANTED.  It is further

ORDERED AND ADJUDGED that

1. Defendant Rafael Newton Aguila, a/k/a/ Ralph Aguila, d/b/a Hydradermabrasion Systems, its agents, servants, employees, attorneys, and those persons in active concert or participation with it, including its parent subsidiaries, affiliates, and officers, who receive actual notice of this Order, are immediately enjoined from:

> a. Using, copying, simulating, or in any way infringing the Edge Marks or the Edge Trade Dress;
>
> b. Using "EDGE" as the name or part of the name of its business;
>
> c. Representing or suggesting in any way that it is affiliated with Edge or Edge's employees and authorized representatives;
>
> d. Representing or indicating in any way that its products are manufactured by, supported by, warranted by, sponsored by, endorsed by, compatible with, or otherwise related to Edge or its products;
>
> e. Using the website www.edge-systems.com or any similar URL;
>
> f. Filing or prosecuting any trademark application  at the United States Patent and Trademark Office for any of the Edge Marks or the Edge Trade Dress; and
>
> g. Making, using, offering for sale, selling within the United States, or importing

6

into the United States, any product that infringes the '620 patent, including but not limited to the "HydraDermMD" or "Hydradermabrasion MD" product.

2. Defendant is hereby directed to preserve and refrain from destroying all products, advertisements, labels, signs, prints, packages, wrappers, business cards, stationery, and other materials bearing the infringing Edge Marks or Edge Trade Dress, or any reproduction, copy, or colorable imitation of the Edge Marks or Edge Trade Dress, and all means of making or duplicating the same.

3. This Order shall bind Defendant, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them and receive actual notice of this Order by personal service or otherwise.

4. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

5. A hearing shall be set before the Magistrate Judge, at which time Defendant and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction.

6. Plaintiff shall serve copies of the Complaint, Plaintiff's Ex Parte Application, this Order, and all other pleadings and documents on file in this action on Defendant.

7. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by forty-eight (48) hours prior to the hearing and filed with the Court, along with Proof of Service. Defendant is hereby on notice that failure to appear

at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), Federal Rule of Civil Procedure 65, and this Court's inherent authority.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of December, 2014.

*K.M. Moore*

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record