**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:14-cv-24517-KMM/McAliley**

EDGE SYSTEMS, LLC,
a California limited liability company,
and AXIA MEDSCIENCES, LLC,
a Delaware limited liability company,

       Plaintiffs,

  v.

Rafael Newton Aguila, a/k/a Ralph Aguila,
an individual, d/b/a Hydradermabrasion Systems,

       Defendant.

_____/

**PLAINTIFFS' FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR**
**SUPPLEMENTAL DISCOVERY RESPONSES**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 26.1(i), Plaintiffs Edge Systems LLC ("Edge") and Axia MedSciences, LLC ("Axia") (collectively, "Plaintiffs") hereby move to compel the production of documents or supplemental responses by Defendant Rafael Newton Aguila, a/k/a Ralph Aguila, d/b/a Hydradermabrasion Systems ("Aguila").

## I. DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION AND THE PARTIES' PRE-FILING CONFERENCE

On August 7, 2015, Plaintiffs served Requests for Production Nos. 1–63 on Defendant. (*See* Declaration of Daniel C. Fullerton, submitted herewith, Ex. 1.)  Plaintiffs' Requests seek documents and things relating to Defendant's use of Plaintiffs' trademarks and Defendant's products accused of infringing Plaintiffs' patents and trade dress. (*See id.*)  Plaintiffs' Requests also seek documents and things relating to the operation of Defendant's business, including sales documents and documents relating to the employment of certain individuals who previously interacted with Plaintiffs or Plaintiffs' customers. (*See id.*)

In response to **60 of the 63** Requests (RFP Nos. 1–36, 39–56, and 58–63), Defendant indicated that it had "already provided" Plaintiffs with the responsive documents. (*See id.*, Ex. 2.)  However, Defendant has only produced **two documents**—its two purported invoices—thus far in this case. (*Id.*, ¶ 5.)  In addition, Defendant did not provide specific objections to any of the Requests. (*See id.*, Ex. 2.)  Instead, Defendant relied solely on its General Objections. (*Id.*)

On October 5, 2015, after an email exchange with Defendant setting up a time to meet and confer on Defendant's deficient discovery responses and document production, Plaintiffs' counsel called Defendant. (*Id.*, ¶¶ 6–7.)  At the beginning of the teleconference, Plaintiffs' counsel raised the issue of Defendant's representations that it had "already provided" responsive documents to Plaintiffs, and inquired as to whether Defendant would be producing additional documents. (*Id.*, ¶ 7.)  Defendant asked Plaintiffs' counsel to email him and refused to answer the question, and then hung up on Plaintiffs' counsel. (*Id.*)

Plaintiffs had also intended to meet and confer regarding Defendant's response to Plaintiffs' Request for Production No. 38, which seeks "All documents relating to any sale or offer for sale of the Accused Products." (*See id.*, Ex. 2 at p. 14.)  Defendant responded that it "will not provide" Plaintiffs with responsive documents. (*Id.*)

-1-

Plaintiffs' counsel followed up on the unsuccessful teleconference with Defendant through an email describing the teleconference, and stating that Plaintiffs would need to file a motion to compel regarding Defendant's above-described deficiencies if Defendant refused to produce additional documents. (*Id.*, Ex. 2.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure strongly favor a full and broad scope of discovery whenever possible, allowing a party to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." *Farnsworth v. Procter & Gamble Co.*, 758 F. 2d 1545, 1547 (11th Cir. 1985); *Johnson v. Geico Gen. Ins. Co.*, 2009 WL 2602352, *1 (S.D. Fla. Aug. 24, 2009). "Relevancy" under Rule 26(b)(1) is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380 (1978)). Information can be relevant and discoverable even if it is not admissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Id.* (citing *Dunbar v. United States*, 502 F. 2d 506, 509-10 (5th Cir.1974)).

The party resisting discovery has the burden of demonstrating specifically how the requested discovery is improper, unreasonable, or unduly burdensome. *See Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007); *Belaire at Boca, LLC v. Ass'n. Ins. Agency, Inc.*, 2007 WL 1830873, *1-2 (S.D. Fla. June 22, 2007). "A response to a document request may include both an objection, and the agreement to produce responsive documents. However, if the response states both, it must clearly communicate whether all responsive documents are being produced, or whether only some responsive documents are being produced, and others withheld in reliance upon the objection." *Miccosukee Tribe of Indians of Florida v. Cypress*, No. 12-22439-CIV, 2013 WL 10740706, at *2 (S.D. Fla. June 28, 2013). "The recipient of a discovery request must state any objections it has in the response that it serves on the requesting party. The Rules of this Court are clear: any objection not timely stated 'shall be waived.'" *Id.* (citing S.D. Fla. Local Rule 26.1(g)(3)(A)).

### III. THE COURT SHOULD COMPEL PRODUCTION OF ADDITIONAL DOCUMENTS OR SUPPLEMENTAL RESPONSES BY DEFENDANT

**A.    Defendant's "Already Provided" Documents Responses**

As described above, Plaintiffs' First Set of Requests seek a variety of documents, all related to Plaintiffs' causes of action or Defendant's affirmative defenses. (*See* Fullerton Decl., Ex. 1.) Defendant does not provide specific objections to Plaintiffs' Requests, as required by the Local Rules. (*See id.*, Ex. 2.)

Defendant's Responses to RFP Nos. 1–36, 39–56, and 58–63 indicate that it has "already provided" responsive documents to these Requests. (*See id.*) However, Defendant's entire production consists of two purported invoices. Defendant has not provided any basis for refusing to produce any responsive documents that have not already been produced. (*Id.*) Defendant also did not provide any specific objections to any of these Requests. (*Id.*) Thus, Defendant has failed to satisfy its burden of establishing how any of these Requests are objectionable, and has waived any objections it may have had. *See Miccosukee Tribe of Indians of Florida*, No. 12-22439-CIV, 2013 WL 10740706, at *2.

Accordingly, Plaintiffs move for an order compelling production of additional documents, or, in the alternative, Supplemental Responses by Defendant verifying that it does not possess any additional responsive documents.

**B.    Defendant's Response to RFP No. 38**

Plaintiffs' RFP No. 38 seeks "All documents relating to any sale or offer for sale of the Accused Products." (Fullerton Decl., Ex. 2 at p. 14.) This Request seeks documents clearly relevant to, *inter alia*, Plaintiffs' claim for patent infringement—which relates to the sale and offer for sale of the Accused Product.

Defendant responded that it "will not provide" Plaintiffs with responsive documents. (*Id.*) Defendant did not provide any basis for refusing to produce responsive documents. (*Id.*) Defendant also did not provide any specific objections to RFP No. 38. (*Id.*) Thus, Defendant has failed to satisfy its burden of establishing how RFP No. 38 is objectionable, and has waived any objections it may have had. *See Miccosukee Tribe of Indians of Florida*, No. 12-22439-CIV, 2013 WL 10740706, at *2.

Regardless, Defendant *must* have some documents responsive to Plaintiffs' RFP No. 38. Defendant has represented to this Court that it has sold approximately 30 accused products since

2008.  (*See* Docket No. 55, P.I. Hr'g Tr., at 340:1–3.)  More recently, Defendant sold or offered to sell at least two accused products through eBay.com, and thus must have documents relating to this sale, as well as any other sale or offer for sale made through eBay.com.  (*See* Docket No. 41-1, Supplemental Declaration of Lealani Irby; Docket No. 86-2, Declaration of Dr. Tabush.)

Defendant's refusal to produce any documents without any specific objection or explanation is improper.  *See Miccosukee Tribe of Indians of Florida*, No. 12-22439-CIV, 2013 WL 10740706, at *2.  Accordingly, Plaintiffs move for an order compelling production of documents responsive to RFP No. 38.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court enter an order compelling production of additional documents responsive to RFP Nos. 1–36, 39–56, and 58–63, or, in the alternative, Supplemental Responses by Defendant verifying that it does not have any additional responsive documents.  Plaintiffs further respectfully request that the Court enter for an order compelling production of documents responsive to RFP No. 38.

## CERTIFICATION OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), as described in paragraphs 6–8 of the Declaration of Daniel C. Fullerton submitted herewith, counsel for Plaintiffs attempted to confer in good faith with the Defendant regarding the relief requested in this motion and was unable to reach an agreement.

DATED:  October 6, 2015                    Respectfully submitted,

**Feldman Gale, P.A.**
One Biscayne Tower, Suite 3000
Two South Biscayne Boulevard
Miami, FL 33131
Telephone No.  (305) 358-5001
Facsimile No.  (305) 358-3309


By: *s/ Richard Guerra*
      James A. Gale
      Florida Bar No. 371726
      EMail: jgale@feldmangale.com
      Richard Guerra
      Florida Bar No. 689521
      EMail: rguerra@feldmangale.com

Brenton R. Babcock (*Pro Hac Vice Admitted*)
Email : brent.babcock@knobbe.com
Ali S. Razai (*Pro Hac Vice Admitted*)
Email:  ali.razai@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone No.  (949) 760-0404
Facsimile No.  (949) 760-9502

*Counsel for Plaintiffs Edge Systems LLC* **and** *Axia Medsciences, LLC*

-5-

## CERTIFICATE OF SERVICE

      I HEREBY certify that on October 6, 2015, I electronically filed the foregoing document via the Court CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

                                                     *s/ Richard Guerra*
                                                   Richard Guerra

-7-

## SERVICE LIST
*Edge Systems, LLC v. Rafael Newton Aguila*
Case No.: 1:14-cv-24517-KMM/McAliley
United States District Court, Southern District of Florida

Rafael Newton Aguila
*Pro Se* Defendant
Email: raguila@gmail.com
11 Weittenauer Strasse
Rottenbeurg Am Neckar 72108
Germany
Telephone No. 49 7472 941 9465

*Via U.S. Mail & E-Mail*