**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:14-cv-24517-KMM/MCALILEY**

FILED by _____ D.C.

DEC 0 4 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

EDGE SYSTEMS, *et al.*,
          Plaintiffs,

v.

Rafael Newton Aguila,
          Defendant.
                    /

## Defendant's Motion To Strike Plaintiffs' Expert Witness Report And Preclude Expert Testimony

INTRODUCTION

      The Defendant, Rafael Aguila, seeks to preclude the introduction of any documents that were not produced by the Plaintiffs prior to the discovery cutoff. "Discovery must be completed in accordance with the court-ordered discovery cutoff date." S.D. Fla. Local R. 26.1(f). The only exception to this rule is if the parties agree to conduct discovery after the discovery cutoff date, but such is not the circumstance here. The discovery cutoff in this case was November 14, 2015. [D.E. 104]. *See Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361 (S.D. Fla. Apr. 4, 2013).

      The parties are to submit their expert disclosures "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D).

      According to Rule 26(a)(2), it requires a party to disclose to the other parties the identity of any expert witness  it may use at trial to present evidence and "[e]xcept as otherwise stipulated or directed by the court, this disclosure shall ... be accompanied by a written report prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2). Thus, '[d]isclosure of expert testimony' within the meaning of [Rule 26] contemplates not only the identification of the expert, but also the provision of [the expert's] written report." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008); *see Prieto v. Malgor*, 361 F.3d 1313, 1317–18 (11th Cir.2004).

1

Here, the Plaintiffs did not produce their expert witness' written report until after the close of discovery. Thus, Defendant's disclosure of the Plaintiffs' expert written report after the close of discovery ran afoul of Rule 26 and Local Rule 26.2(C), as interpreted in *Reese. See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.,* 549 F.3d 1344 (11th Cir. 2008)

Rule 37(c)(1) gives teeth to the requirements imposed by Rule 26 by forbidding the use at trial of any information that is not properly disclosed. *Hoffman v. Construction Protective Services, Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008). This is a "self-executing, automatic sanction to provide a strong inducement for disclose of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)).

To the extent that Plaintiffs have not produced all their expert reports in their possession before the discovery cutoff, they should now be precluded from doing so at trial, due to unfair surprise and prejudice.

On November 24, 2015, the Plaintiffs provided their Expert Witness Report to the Defendant. The Discovery cutoff date was on November 14, 2015.[1] Therefore, the Defendant was never able to depose the Plaintiffs' Expert Witness.

LAW AND ARGUMENT

Permitting the Plaintiffs to use their untimely expert witness report would unduly prejudice Defendant. The Court should not be inclined to cause this inequitable result. *See Reese v. Herbert,* 527 F.3d 1253, 1265 (11th Cir. 2008) (affirming order striking expert's affidavit and noting that "the expert disclosure rule is intended to provide opposing parries reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses") (internal quotation marks omitted). See also, *Cook v. Royal Caribbean Cruises, Ltd.,* No. 11-20723-CIV, 2012 WL 2319089 (S.D. Fla. June 15, 2012).

The Federal Rules of Civil Procedure empower the Court to award appropriate sanctions when confronted with discovery abuse. Although monetary sanctions are usually the first line of

---

[1] The Court had previously ordered in D.E: 104 that "[a]ll discovery, *including expert discovery,* shall be completed one hundred (100) days prior to the date of trial" (emphasis added).

Defendant's Motion To Strike Plaintiffs' Expert
Witness Report And Preclude Expert Testimony-- 14-cv-24517-KMM

sanction, they would be meaningless in the instant case given that we are on the eve of trial and today is the deadline for the filing of dispositive motions.

The issuance of monetary sanctions in this context would be meaningless. Defendant does not now have time to compel further responses, nor should he be required to do so. Instead, the court should turn to other mechanisms available under the discovery statutes, including issue and evidentiary preclusion. Plaintiffs should not be allowed to present any documents not produced in discovery.

Federal Rules of Civil Procedure Rule 26(a) provides *inter alia* a broad duty to disclose documents which a party may use at trial:

> (a) Required Disclosures; Methods to Discover Additional Matter.
>
> (1) Initial Disclosures.
>
> Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> . . .
>
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

*Id*. Federal Rule of Civil Procedure Rule 37 provides for sanctions for abuse of the discovery process of this type. Indeed, it identifies the failure to respond or submit to an authorized discovery device as an abuse of the process. *Id*. Rule 37(c)(1) provides in pertinent part:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

*Id.* Because Defendant has not been able to take the deposition of the Plaintiffs' expert because they only filed their report on November 24, 2015 – ten days after the discovery cutoff. The Defendant does not now have the ability to obtain additional experts to rebut the Plaintiffs' expert opinions. Nor can the Defendant use the deposition testimony of the Plaintiffs' expert witness in his summary judgment motion, because the Defendant was never able to depose the Plaintiffs' expert witness because of the discovery cutoff.

On June 22, 2015, the Defendant had asked the Plaintiffs in its interrogatory number 3, to "[p]lease provide the name of each person whom you may use as an expert witness at trial". The Plaintiffs responded on July 27, 2015 to this interrogatory as follows:

> "Plaintiffs incorporate by reference their Preliminary Statement and their General Objections. Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome. Plaintiffs have not completed their investigation and discovery. Plaintiffs will identify their expert witnesses and provide reports at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter".

See Exhibit A, pg. 13.

Furthermore, the Defendant also asked the Plaintiffs in interrogatory number 4 to "[p]lease state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial". The Plaintiffs responded on July 27, 2015 to this interrogatory as follows:

> "Plaintiffs incorporate by reference their Preliminary Statement and their General Objections. Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome. Plaintiffs have not completed their investigation and discovery. Plaintiffs will identify their expert witnesses and provide reports at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter".

See Exhibit A, pg. 13.

Lastly, the Defendant asked the Plaintiffs in interrogatory number 5 to "[p]lease state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which

4

each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.". The Plaintiffs responded on July 27, 2015 to this interrogatory as follows:

> "Plaintiffs incorporate by reference their Preliminary Statement and their General Objections. Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome. Plaintiffs have not yet made a computation of any category of damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and will require discovery from Defendant and perhaps one or more third parties as well in order to do so. Plaintiffs expect that they will produce such information and supporting documentation through an expert witness and report at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter".

See Exhibit A, pg. 14.

However, the first time that the Defendant had heard about the Plaintiffs' designated expert witness, Mr. Gary Loomis, was on November 24, 2015 when the Plaintiffs sent the Defendant a copy of Mr. Loomis' expert report – ten days after the discovery cutoff. Therefore, the Plaintiffs did not provide their expert witness "at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter", as they had previously written in their response to Defendant's interrogatory number 5.

The expert disclosure rule is intended to provide opposing parties "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Sherrod v. Lingle*, 223 F.3d605, 613 (7th Cir.2000) (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's note). In this case, the Plaintiffs did not even designate their expert witness, Mr. Loomis, as a potential witness in their Rule 26 disclosures.

Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

At a minimum, the Plaintiffs could have filed a motion to extend the discovery period so as to permit a proper disclosure. However, the Plaintiffs have offered no excuse for failing to do so. "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir.2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457–58, 126 S.Ct. 1195, 1197–98, 163 L.Ed.2d 1053 (2006) (citing *Sherrod*, 223 F.3d at 613). Here, the failure to comply with Rule 26(a) was both unjustified and harmful to the defendant.

Aside from Mr. Loomis' report, Plaintiffs did not provide any other witness disclosures as otherwise required pursuant to Fed. R. Civ. P. 26(a)(2)(B)-(C). In fact, the Plaintiffs had not even provided the name of their expert witness to the Defendant before November 24, 2015. Which goes against the Plaintiffs' obligation under Rule 26 to provide the Defendant with a list of potential witnesses.

The Plaintiffs cannot provide any justification, beyond their control, for the untimely submission of their expert report, ten days **after** the discovery cutoff. *AT&T Wireless Servs. of California LLC v. City of Carlsbad*, No. 01CV2045-JMLAB, 2002 WL 34396709 (S.D. Fla. Nov. 7, 2002). Under the Court's Rules, all discovery must be served well in advance of the discovery cutoff in order to allow all responding parties to do so by that date. S.D. Fla. Local R. 26.1(f) ("Discovery must be completed in accordance with the court-ordered discovery cutoff date"). In this case, the discovery cutoff has long since passed. Summary judgment motions are already fully briefed and pending, and the parties should be proceeding to trial preparation.

The timing to file an expert report is controlled by this Court's order from May 5, 2015 [D.E. 104], which states that "[a]ll discovery, including expert discovery, shall be completed one hundred (100) days prior to the date of trial". Fed. R. Civ. P. 26(2)(D) states that:

> "A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
>> (i) at least 90 days before the date set for trial or for the case to be ready for trial".

6

Clearly, Fed. R. Civ. P. 26(2)(D) shows that if a court order requires that expert discovery end at a time other than "90 days before the date set for trial", then the court order is what must be followed by all parties. In this case, the court order [D.E. 104] clearly indicates that *all* discovery shall be completed by November 14, 2015. Therefore, the Plaintiffs' expert witness report was submitted ten-days past the discovery completion date.

## THE FAILURE TO COMPLY WITH RULE 26(A)(2)(B) WAS NOT SUBSTANTIALLY JUSTIFIED.

The Defendant contend that Plaintiffs' failure to disclose is not substantially justified because this action has been pending one year and the expert report was only provided to the Defendant after the close of discovery. The Plaintiffs were in possession of the necessary documents and could provided them to their expert to review in preparing his report.

## THE FAILURE TO COMPLY WITH RULE 26(A)(2)(B) WAS NOT HARMLESS

The Defendant contends the failure is not harmless because there are only 80 days to trial and expert and percipient witness discovery has closed. The time to submit the motion for summary judgment also ends today. Therefore, Defendants have no information on how Plaintiffs intend to prove many of their claims or how exactly their expert came to their conclusions. The Defendant ha snot been able to depose the expert witness because the Plaintiffs did not provide his name until ten days after the close of discovery, on November 24, 2015.

Further, the Defendant was required to disclose any rebuttal experts within thirty days of Plaintiffs' expert discloses. Fed.R.Civ.P. 26(a)(2)(D)(ii). Since Plaintiffs did not provide a report which would inform Defendants of the expert's opinions to be proffered at trial, Defendants were unable to designate a rebuttal expert and provide an expert opinion within the time period prescribed by the Rule. At this point in the litigation, discovery is closed and the Defendant was not provided with Plaintiffs' expert's opinion and the bases, and did not have the opportunity to depose Plaintiffs' expert until after the close of discovery. The failure to provide the expert report was not harmless. *Yeti by Molly, Ltd.,* 259 F.3d at 1106. (The burden is on the party facing the sanction to show that the failure to disclose was harmless). *Id.* at 1107

7

CONCLUSION

WHEREFORE, Defendant respectfully requests the district court to preclude the Plaintiffs from using any documents or reports that they did not produce before the discovery cutoff in their motions or during trial.

CERTIFICATION OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the Defendant conferred in good faith with the Plaintiffs' counsel regarding the relief requested in this motion and was unable to reach an agreement.

Dated: December 4th, 2015

Respectfully submitted,

Rafael Newton Aguila, *pro se*
e-mail: raguila@gmail.com
Weittenauerstrasse 11
72108 Rottenburg am Neckar
GERMANY
Telephone: +49 7472 4303 995

8

## CERTIFICATE OF SERVICE

I HEREBY certify that on December 4th, 2015, I conventionally filed the foregoing document with the Clerk of the Court.  I also certify that a true and correct copy of the foregoing document was served by U.S. mail on all counsel or parties of record on the Service List below.

Rafael Aguila, *pro se*

December 4th, 2015

## SERVICE LIST

James A. Gale, Esq. (FBN 371726)
Richard Guerra (FBN 689521)
**FELDMAN GALE**
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Telephone:  (305) 358-5001
Facsimile:  (305) 358-3309


Brenton R. Babcock, Esq.
(*admitted pro hac vice*)
Ali S. Razai, Esq.
(*admitted pro hac vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiffs,*
EDGE SYSTEMS LLC and
AXIA MEDSCIENCES

Defendant`s Motion To Strike Plaintiffs` Expert
Witness Report And Preclude Expert Testimony-- 14-cv-24517-KMM

**MIAMI DIVISION**

**CASE NO. 1:14-cv-24517-KMM/MCALILEY**

EDGE SYSTEMS, *et al.*,
          Plaintiffs,

    v.

Rafael Newton Aguila,
          Defendant.

_____/

**DECLARATION OF RAFAEL NEWTON AGUILA IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS REPORT AND
PRECLUDE EXPERT TESTIMONY**

I, Rafael Newton Aguila, *pro se*, declare as follows:

1. My name is Rafael Newton Aguila, I am over the age of eighteen (18) and competent to execute this Declaration, and the following statements are true and correct based on my personal knowledge or information transmitted to me from records made at or near the time of the transactions referenced therein by person(s) with personal knowledge thereof.

2. I am the Defendant in this case.

3. I declare that the Defendant was not able to question the Plaintiffs' expert witness in a deposition before the end of the discovery cutoff.

4. The Plaintiffs' expert report was only submitted on November 24, 2015, ten days after the end of the discovery cutoff.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of December 2015, in Miami, Florida.

Respectfully submitted,

        Dated: December 4, 2014

_____

Rafael Aguila, *pro se*

# EXHIBIT A

Defendant`s Motion To Strike Plaintiffs` Expert
Witness Report And Preclude Expert Testimony-- 14-cv-24517-KMM

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:14-CV-24517-KMM/McAliley

EDGE SYSTEMS LLC, a California limited
liability company, and AXIA
MEDSCIENCES, LLC, a Delaware limited
liability company,

        Plaintiffs,

v.

Rafael Newton Aguila, a/k/a Ralph Aguila, an
individual, d/b/a Hydradermabrasion
Systems,

        Defendant.

_____/

```
DEFENDANT'S
EXHIBIT
A
_____
```

## PLAINTIFFS EDGE SYSTEMS LLC'S AND AXIA MEDSCIENCES, LLC'S

## RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-6)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Edge Systems

LLC ("Edge") and Axia MedSciences, LLC ("Axia") (collectively, "Plaintiffs"), respond as

follows to the First Set of Interrogatories propounded by Defendant Rafael Newton Aguila, a/k/a

Ralph Aguila, d/b/a Hydradermabrasion Systems ("Aguila").

## I. PRELIMINARY STATEMENT

1.      The following responses are based upon information presently available to and

located by Plaintiffs and its counsel and reflect the current state of Plaintiffs' knowledge,

understanding, and belief respecting the matters about which inquiry was made. Plaintiffs have

not completed their investigation of the facts relating to this case or preparation for trial and

anticipate that as this case proceeds, further facts may be discovered. Without obligating

themselves to do so, Plaintiffs reserve the right to modify or supplement these responses with any such pertinent information.

    2.    Plaintiffs' responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

    a.    The right to raise all questions of authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information and the documents identified and/or produced in response to these requests, which may arise in any subsequent proceeding in, or trial of, this or any other action;

    b.    The right to object to the use of the information and/or documents in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

    c.    The right to object on any ground at any time to other interrogatories, requests, or other discovery involving the information and/or documents or the subject matter thereof; and

    d.    The right to make subsequent answers if Plaintiffs uncover additional information called for by these requests as discovery is still ongoing and Plaintiffs' investigation of the facts and the evidence pertinent to this action has not been completed.

    3.    Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms used in the trademark and/or trade dress laws, and Plaintiffs specifically disavow any such meaning or connotation that might be accorded to such terms.

-2-

4.      Without waiving objections set forth below, and subject to the limitations stated above, Plaintiffs have provided the information they believe is responsive and the subject of legitimate discovery that has been uncovered by reasonable investigation.

5.      Specific objections to various interrogatories are made in the responses set forth below.  In addition to those specific objections, Plaintiffs generally object to the Interrogatories as follows:

## II. **GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in response to each of Defendant's Interrogatories and are not waived with respect to any response.

1.      Plaintiffs generally object to Defendant's Interrogatories to the extent that they seek disclosure of any information protected, privileged, immune, or otherwise exempt from discovery pursuant to applicable state and federal statutes, the Federal Rules of Civil Procedure, case law, regulations, administrative orders, or any other applicable rules, decisions, or laws including, but not limited to, information protected by the attorney-client privilege, the work product doctrine and/or other applicable privilege.  The specific objections stated below on the grounds of attorney-client privilege and/or work product in no way limit the generality of this objection.  Nothing contained in these responses is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any request may be construed as calling for disclosure of information protected by such privileges or doctrines, a continuing objection to each and every such interrogatory is hereby imposed.   Any such protected information will not be provided, although a privilege log will be produced if there are any protected documents responsive to any of these Interrogatories.

-3-

2.      Plaintiffs generally object to Defendant's Interrogatories to the extent that Defendant purports to require Plaintiffs to identify on a privilege log any documents or information protected by the attorney-client privilege, the work product doctrine, or other applicable privilege that were generated by its counsel or agents for internal use and/or privileged communications between or among Plaintiffs and its counsel since the commencement of this proceeding. The applicability of the attorney-client privilege and/or work product doctrine is so clear and the burden of identifying each such document is so great that requiring Plaintiffs to do so would be so burdensome as to result in injustice and would be oppressive in that the burden imposed thereby would be incommensurate with the result sought by Defendant.

3.      Plaintiffs generally object to Defendant's Interrogatories, including the instructions and definitions, to the extent they purport to impose upon Plaintiffs obligations greater than those imposed by the Federal Rules of Civil Procedure, the local rules, or other applicable rules or law.

4.      Plaintiffs generally object to Defendant's Interrogatories to the extent that they seek information that is not calculated to lead to the discovery of admissible evidence or to the extent that Defendant's Interrogatories seek the disclosure of information, documents, or things beyond the scope of discovery as provided by the Federal Rules of Civil Procedure, the local rules, or other applicable rules or law.

5.      Plaintiffs generally object to Defendant's Interrogatories to the extent they seek information concerning "all" or "any" documents, persons, or entities concerning a particular subject on the grounds that performing searches of such breadth is unduly burdensome. In its

search for relevant documents, Plaintiffs have made, or will make, a reasonable search as required by the Federal Rules of Civil Procedure.

6.      Plaintiffs generally object to Defendant's Interrogatories to the extent that they call for information that is protected from disclosure by agreements Plaintiffs have with another entity, if any, or obligations Plaintiffs have to another entity, if any.

7.      Plaintiffs further object to Defendant's definitions and instructions in the discovery requests to the extent they make the individual requests vague, ambiguous, or unintelligible, in that Defendant attributes new meanings to ordinary words or defines the same word to have multiple meanings.

### III.  RESPONSES TO INTERROGATORIES

#### INTERROGATORY NO. 1:

Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action.

#### RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs incorporate by reference their Preliminary Statement and their General Objections. Plaintiffs further object to this interrogatory as vague and ambiguous, particularly in its use of the phrase "pertaining to." Plaintiffs further object to this interrogatory as overly broad and unduly burdensome in seeking information for "any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings" because Plaintiffs have interacted with a large number of customers, potential customers, or other persons who might have information relating to facts alleged in the pleadings

that is cumulative of information known by persons more closely related to the lawsuit. Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome.   Plaintiffs have not completed their investigation and discovery.   Further investigation, discovery, and legal research and analysis may yield additional information and documents, add new meaning to known information and documents, or establish entirely new factual conclusions or legal contentions.

Subject to and without waiving these objections and to the extent Plaintiffs understand the interrogatory, Plaintiffs respond as follows:

| Name | Position | Contact Information |
|---|---|---|
| William Cohen | President<br>Edge Systems LLC | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Roger Ignon | Vice Chairman of the Board<br>Vice President of Engineering and Product Development<br>Edge Systems LLC | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| John H. Shadduck | Owner<br>Axia Medsciences, LLC | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Gary Conway | Vice President of Sales<br>Edge Systems LLC | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Rosemarie Holcomb | Senior Marketing Manager<br>Edge Systems LLC | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Steve Haik | Regional Sales Representative<br>Edge Systems LLC | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614 |

| Name | Position | Contact Information |
|------|----------|---------------------|
| | | Telephone: 949-760-0404 |
| Lisa Heinemann | Regional Manager for the Southeastern United States and Caribbean<br>Edge Systems LLC | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Cindy Cantavespri | Business Manager<br>Center for Longevity & Wellness<br>Metairie, Louisiana | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Lealani Irby | Owner<br>12976-Beautiful Skin Esthetics | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| James A. Baker | | 200 Sheridan Ave #306<br>Palo Alto, CA 94306 |
| Jose Antonio Tabush Clare | Dermatologist | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Elliot Duboys | Plastic Surgeon<br>Associated Plastic Surgeons and Consultants<br><br>Associate Professor of Plastic Surgery<br>Stony Brook University Medical Center and Nassau University Medical Center | Contact through Counsel<br>Knobbe Martens Olson & Bear<br>2040 Main Street<br>Irvine, California 92614<br>Telephone: 949-760-0404 |
| Rafael N. Aguila | Owner<br>"Edge Systems LLC" | Weittenauerstrasse 11<br>72108 Rottenburg am Neckar<br>Germany<br>Telephone: +49 7472 4303 995 |
| John Wilcox | Regional Sales Manager<br>"Edge Systems LLC" | 6800 SW 40th Street<br>Miami, FL 33155-3708<br>Telephone: Unknown |
| Ralph Anderson | Sales Manager<br>"Edge Systems LLC" | 6800 SW 40th Street, Suite 102<br>Miami, FL 33155-3708<br>Telephone: Unknown |

**INTERROGATORY NO. 2:**

Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no. 1 may have.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference their Preliminary Statement and their General Objections. Plaintiffs further object to this interrogatory as vague and ambiguous, particularly in its use of the phrase "pertaining to." Plaintiffs further object to this interrogatory as overly broad and unduly burdensome in seeking information for "any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings" because Plaintiffs have interacted with a large number of customers, potential customers, or other persons who might have information relating to facts alleged in the pleadings that is cumulative of information known by persons more closely related to the lawsuit. Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome. Plaintiffs have not completed their investigation and discovery. Further investigation, discovery, and legal research and analysis may yield additional information and documents, add new meaning to known information and documents, or establish entirely new factual conclusions or legal contentions.

Subject to and without waiving these objections and to the extent Plaintiffs understand the interrogatory, Plaintiffs respond as follows:

| Name | Subjects |
|---|---|
| William Cohen | Mr. Cohen may have knowledge about Edge's history and the development process of its products. Mr. Cohen may also have knowledge about the strength of the asserted marks and trade dress. Mr. Cohen may also have knowledge about Edge's acquisition of the patents-in-suit. Mr. Cohen may have knowledge about the development process of products embodying the patents-in-suit. Mr. Cohen may have knowledge about the development process of products bearing the |

| Name | Subjects |
|---|---|
|  | asserted marks and/or trade dress.  Mr. Cohen may also have knowledge about Defendant's infringement of the patents-in-suit, the asserted marks and trade dress. Mr. Cohen may also have knowledge about the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the proximity of the products, the degree of sophistication of the buyers, and the quality of the Defendant's products. Mr. Cohen may also have knowledge about the history of Edge's products that embody the patents-in-suit.  Mr. Cohen may also have knowledge about the history of Edge's products that bear the asserted marks and/or trade dress.  Mr. Cohen may also have knowledge about the marketing of Edge's products, the market for such products, and the development and value of Edge's goodwill and reputation.  Mr. Cohen may also have knowledge about the value of Edge's goodwill and reputation.  Mr. Cohen may also have knowledge as to the impact and injury caused by Defendant's infringement. |
| Roger Ignon | Mr. Ignon may have knowledge about Edge's history and the development process of its products.  Mr. Ignon may also have knowledge about the strength of the asserted marks and trade dress.  Mr. Ignon may also have knowledge about Edge's acquisition of the patents-in-suit.  Mr. Ignon may have knowledge about the development process of products embodying the patents-in-suit.  Mr. Ignon may have knowledge about the development process of products bearing the asserted marks and/or trade dress.  Mr. Ignon may also have knowledge about Defendant's infringement of the patents-in-suit, the asserted marks and trade dress. Mr. Ignon may also have knowledge about the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the proximity of the products, the degree of sophistication of the buyers, and the quality of the Defendant's products. Mr. Ignon may also have knowledge about the history of Edge's products that embody the patents-in-suit.  Mr. Ignon may also have knowledge about the history of Edge's products that bear the asserted marks and/or trade dress.  Mr. Ignon may also have knowledge about the marketing of Edge's products, the market for such products, and the development and value of Edge's goodwill and reputation.  Mr. Ignon may also have knowledge about the value of Edge's goodwill and reputation.  Mr. Ignon may also have knowledge as to the impact and injury caused by Defendant's infringement. |
| John H. Shadduck | Mr. Shadduck may have knowledge about Axia's history and the development process of its patented technology.  Mr. Shadduck may also have knowledge about the conception and reduction to practice of the patents-in-suit.  Mr. Shadduck may also have knowledge about the |

| Name | Subjects |
|---|---|
| | infringement of the patents-in-suit by Defendant. |
| Gary Conway | Mr. Conway may have knowledge about the marketing of Edge's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress.  Mr. Conway may also have knowledge about the market for such products.  Mr. Conway may also have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress.  Mr. Conway may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress.  Mr. Conway may also have knowledge about the degree of similarity between the Defendant's products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| Rosemarie Holcomb | Ms. Holcomb may have knowledge about the marketing of Edge's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress.  Ms. Holcomb may also have knowledge about the market for such products.  Ms. Holcomb may also have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress.  Ms. Holcomb may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress.  Ms. Holcomb may also have knowledge about the degree of similarity between the Defendant's products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| Steve Haik | Mr. Haik may have knowledge about the marketing of Edge's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress.  Mr. Haik may also have knowledge about the market for such products.  Mr. Haik may also have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress.  Mr. Haik may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress.  Mr. Haik may also have knowledge about the degree of similarity between the Defendant's products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| Lisa Heinemann | Ms. Heinemann may have knowledge about the marketing of Edge's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress.  Ms. Heinemann may also have knowledge about the market for such products.  Ms. Heinemann may also have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress.  Ms. Heinemann may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress.  Ms. Heinemann may also have knowledge about the degree of similarity between the Defendant's |

| Name | Subjects |
|---|---|
| | products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| Cindy Cantavespri | Ms. Cantavespri may have knowledge about the marketing of Defendant's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress. Ms. Cantavespri may also have knowledge about the market for such products. Ms. Cantavespri may also have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress. Ms. Cantavespri may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress. Ms. Cantavespri may also have knowledge about the degree of similarity between the Defendant's products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| Lealani Irby | Ms. Irby may have knowledge about the marketing of Defendant's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress. Ms. Irby may also have knowledge about the market for such products. Ms. Irby may also have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress. Ms. Irby may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress. Ms. Irby may also have knowledge about the degree of similarity between the Defendant's products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| James A. Baker | Mr. Baker may have knowledge about the conception and reduction to practice of U.S. Patent No. 6,299,620. Mr. Baker may also have knowledge about the infringement of the patents-in-suit by Defendant. |
| Jose Antonio Tabush Clare | Dr. Tabush Clare may have knowledge about the marketing of Defendant's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress. Dr. Tabush Clare may also have knowledge about the market for such products. Dr. Tabush Clare may also have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress. Dr. Tabush Clare may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress. Dr. Tabush Clare may also have knowledge about the degree of similarity between the Defendant's products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| Elliot Duboys | Dr. Duboys may have knowledge about the marketing of Defendant's products embodying the patents-in-suit, bearing the asserted marks, and/or bearing the asserted trade dress. Dr. Duboys may also have knowledge about the market for such products. Dr. Duboys may also |

-11-

| Name | Subjects |
|------|----------|
| | have knowledge about Defendant's infringement of, and the strength of the asserted marks and trade dress.  Dr. Duboys may also have knowledge about Defendant's infringement of the patents-in-suit and the asserted marks and trade dress.  Dr. Duboys may also have knowledge about the degree of similarity between the Defendant's products and Edge's products bearing the asserted marks and trade dress, the degree of sophistication of the buyers, and the quality of the Defendant's products. |
| Rafael N. Aguila | Mr. Aguila may have knowledge about Defendant's history and the development process of its products.  Mr. Aguila may have knowledge about the development process of Defendant's products accused of infringing the patents-in-suit.  Mr. Aguila may also have knowledge about the development process of products accused of infringing the asserted marks and/or trade dress.  Mr. Aguila may also have knowledge about the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the proximity of the products, the degree of sophistication of the buyers, and the quality of the Defendant's products.  Mr. Aguila may also have knowledge about the marketing of Defendant's products and the market for such products.  Mr. Aguila may also have knowledge about Defendant's sales of the accused products. |
| John Wilcox | Mr. Wilcox may have knowledge about Defendant's history and the development process of its products.  Mr. Wilcox may also have knowledge about the development process of Defendant's products accused of infringing the patents-in-suit.  Mr. Wilcox may also have knowledge about the development process of products accused of infringing the asserted marks and/or trade dress.  Mr. Wilcox may also have knowledge about the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the proximity of the products, the degree of sophistication of the buyers, and the quality of the Defendant's products.  Mr. Wilcox may also have knowledge about the marketing of Defendant's products and the market for such products.  Mr. Wilcox may also have knowledge about Defendant's sales of the accused products. |
| Ralph Anderson | Mr. Anderson may have knowledge about Defendant's history and the development process of its products.  Mr. Anderson may also have knowledge about the development process of Defendant's products accused of infringing the patents-in-suit.  Mr. Anderson may also have knowledge about the development process of products accused of infringing the asserted marks and/or trade dress.  Mr. Anderson may also have knowledge about the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade |

| Name | Subjects |
|---|---|
| | dress, the degree of similarity between Defendant's products and Edge's products bearing the asserted marks and/or trade dress, the proximity of the products, the degree of sophistication of the buyers, and the quality of the Defendant's products. Mr. Anderson may also have knowledge about the marketing of Defendant's products and the market for such products. Mr. Anderson may also have knowledge about Defendant's sales of the accused products. |

**INTERROGATORY NO. 3:**

Please provide the name of each person whom you may use as an expert witness at trial.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference their Preliminary Statement and their General Objections. Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome. Plaintiffs have not completed their investigation and discovery. Plaintiffs will identify their expert witnesses and provide reports at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter.

**INTERROGATORY NO. 4:**

Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate by reference their Preliminary Statement and their General Objections. Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome. Plaintiffs have not completed their investigation and discovery. Plaintiffs will identify their expert witnesses and provide reports at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter.

**INTERROGATORY NO. 5:**

Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference their Preliminary Statement and their General Objections.  Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome.  Plaintiffs have not yet made a computation of any category of damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and will require discovery from Defendant and perhaps one or more third parties as well in order to do so.  Plaintiffs expect that they will produce such information and supporting documentation through an expert witness and report at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter.

**INTERROGATORY NO. 6:**

Please identify each document (including electronically stored information) pertaining to each item of damages stated in your response to interrogatory no. 5 above.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference their Preliminary Statement and their General Objections.  Plaintiffs further object to this interrogatory as premature, and on that ground, as unduly burdensome.  Plaintiffs have not yet made a computation of any category of damages

pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and will require discovery from Defendant and perhaps one or more third parties as well in order to do so. Plaintiffs expect that they will produce such information and supporting documentation through an expert witness and report at the appropriate time pursuant to Fed. R. Civ. P. 26(a)(2) and/or the Court's case scheduling orders in this matter.

Dated:   July 27, 2015

By: _____

Brenton R. Babcock (Admitted *Pro Hac Vice*)
Email:  brent.babcock@knobbe.com
Ali S. Razai (Admitted *Pro Hac Vice*)
Email:  ali.razai@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

James A. Gale (FBN371726)
Email:  jgale@feldmangale.com
Richard Guerra (FBN 689521)
Email : rguerra@feldmangale.com
**FELDMAN GALE**
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Telephone:  (305) 358-5001
Facsimile:  (305) 358-3309

*Attorneys for Plaintiffs,*
EDGE SYSTEMS LLC and
AXIA MEDSCIENCES, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am a citizen of the United States. I am over the age of 18 and not a party to the above-entitled case. I am employed in Irvine, California, in the office of a member of the bar of this Court at whose direction this service was made. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California. I am readily familiar with the firm's practices for the collection and processing of mail, and that mail so processed is deposited the same day during the ordinary course of business.

On July 27, 2015, I caused to be served a true copy of the foregoing document, PLAINTIFFS EDGE SYSTEMS LLC'S AND AXIA MEDSCIENCES, LLC'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-6), on the parties or their counsel shown below, via email and mail, addressed as follows:

Rafael Newton Aguila, Pro Se
Weittenauerstrasse 11
72108 Rottenburg am Neckar
GERMANY
raguila@gmail.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 27, 2015, at Irvine, California.

_____
Maria Zavala

21031460